THE PEOPLE v. JOHN S. MORRISON.

*Bastardy proceedings—Recognizance—Liability of surety.*

The liability of a surety on a recognizance for the appearance and answer of a respondent charged with bastardy cannot exceed that of his principal.

Error to Houghton. (Williams, J.) Argued January 29, 1889. Decided June 7, 1889.

Debt on recognizance in bastardy case. Defendant brings error. Reversed. The facts are stated in the opinion.

*T. L. Chadbourne* (*Allen F. Rees*, of counsel), for appellant.

*Thomas B. Dunstan*, prosecuting attorney, for the People.

SHERWOOD, C. J.   The people in this case bring an action of debt on a recognizance, signed by defendant as surety for his principal's appearance before the circuit court for the county of Houghton, to answer to the charge of bastardy, upon which respondent had been bound over by a justice of the peace.

The proceedings were taken under chapter 53, How. Stat. § 2005, which provides that the magistrate may require the respondent—

" To enter into recognizance with one or more sureties to the satisfaction of the justice, in such sum as he may deem necessary, not less than one hundred nor more than five hundred dollars, upon condition to appear and answer to the said complaint at the next term of the circuit court for the county," etc.

The respondent and the defendant severally and respectively acknowledged themselves indebted to the people in and by the recognizance; the former in the sum of $100, and the latter in the sum of $300, to be levied in case of default, etc.

There is no dispute but that the proceedings before the justice were all regular, and that the recognizance was duly forfeited according to law, and that before the bringing of this suit the defendant paid to the clerk of the county, for the use of the superintendents of the poor, the sum of $100 on said recognizance; and he now claims that the extent of the liability of the respondent was or should be the extent of his liability, and that, he having discharged that, this suit ought not to be maintained against him.

The circuit judge held otherwise, and entered judgment against defendant for the sum of $200.

We think the learned circuit judge erred.

It will be noticed that the statute requires that the respondent shall enter into the recognizance in such sum as the justice may require, from $100 to $500, for his appearance at the circuit to answer the complaint and abide the

order of the court, and he must also furnish one or more sureties to his recognizance that he will do this.

Now, if the respondent fails to perform the conditions of his recognizance, he is required to pay $100, and that discharges his pecuniary liability for such default upon the recognizance. It was this undertaking of the respondent that the defendant became responsible for, and, when the defendant discharged the liability of respondent by payment of the amount required of the latter, he performed all he obligated himself to do, and no right of action remained to the people against him.

The judgment should be reversed, and, as the people show no right of action against the defendant, a new trial will not be granted.

The other Justices concurred.